Clifford CHANLER; Lauren Wales Chanler, Plaintiffs—Appellants,

v.

John A. STONICH; John A. Portik; SPJ Associates; Alan Pruitt; as You Sow; Lawrence E. Fahn; Thomas W. Van Dyck, Defendants—Appellees.

No. 04–15276.

D.C. No. CV–01–00648–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 6, 2005.

Jacques Leboeuf, Esq., A. Charles Dell'Ario, Esq., Law Offices of A. Charles Dell'Ario, APC, Oakland, CA, for Plaintiffs–Appellants.

Basil Plastiras, Esq., Plastiras & Terrizzi, San Rafael, CA, Law Office of Cesar Ternieden, Oakland, CA, Nelson Clyde Barry, III, Esq., Carol L. Healey, Esq., Bishop Barry Howe Haney & Ryder, Emeryville, CA, for Defendants–Appellees.

Alan Pruitt, Pleasanton, CA, pro se.

Before SCHROEDER, Chief Judge, RYMER and GOULD, Circuit Judges.

## MEMORANDUM *

Plaintiff-appellant, Clifford Chanler, is engaged in protracted litigation in state court with defendant-appellee, As You Sow ("AYS"), a non-profit environmental organization. AYS engaged the services of co-defendant-appellee John Stonich to represent the organization in that litigation. Stonich in turn requested an investigator, Alan Pruitt, to perform an "asset check" on Chanler and his wife.

In this suit, Chanler seeks to impose vicarious liability on AYS, its attorney, and its executive director for the actions of Pruitt in unlawfully obtaining a credit report on Chanler. Chanler invokes the Fair Credit Reporting Act ("FCRA"), and various theories of state law. The FCRA imposes specific duties, and sets penalties for their violation, upon persons who engage in requesting and providing credit reports. 15 U.S.C. §§ 1681n-o; *see generally* 15 U.S.C. § 1681 *et seq.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We affirm the district court's dismissal of the federal claim because in the absence of apparent authority from the defendants to obtain a credit report or affirmative misconduct by these defendants, there can be no liability under the FCRA. All that any defendant did was request a routine asset check. None of the defendants had a employer-employee relationship with Pruitt, and traditional agency principles imposing vicarious liability of an employer for the torts of the employee would not apply. *See Meyer v. Holley,* 537 U.S. 280, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003).

We also affirm the district court's grant of summary judgment to the defendants for plaintiffs' state law claims of invasion of privacy and breach of fiduciary duty. The plaintiffs raised no genuine issue of material fact under either theory. A summary judgment was therefore appropriate.

AFFIRMED.